# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DASHONTA D. WARREN,
   Appellant,

  v.

DEPARTMENT OF VETERANS
  AFFAIRS,
   Agency.

DOCKET NUMBER
CH-0714-19-0243-I-1

DATE: July 2, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Bettie Belcher</u>, Southfield, Michigan, for the appellant.

<u>Fallon Booth</u>, Esquire, Detroit, Michigan, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed his removal pursuant to 38 U.S.C. § 714 based on one charge of unauthorized absence/absent without leave. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      Effective March 7, 2019, the agency removed the appellant from his position as a GS-6 Claims Assistant under the authority of 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 7 at 16-17, 19-22, 50-52.[2]  The agency removed the appellant based on one charge of unauthorized absence/absent without leave (AWOL).  *Id.*  The appellant appealed the agency's action to the Board. IAF, Tab 1.  Although he initially requested a hearing, *id.* at 1, he subsequently withdrew his request, IAF, Tab 8 at 2.  The appellant also filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) on the same day he filed his Board appeal.  IAF, Tab 12 at 12-13, Tab 13 at 12-13.

¶3      The administrative judge informed the appellant of his burdens of proof regarding his affirmative defenses of harmful procedural error and retaliation for whistleblowing.  IAF, Tab 1 at 2, Tab 8 at 2, Tab 10 at 2, Tabs 12-13, Tab 14 at 2.  She also explained that the record suggested that the appellant had filed his complaint with OSC before he filed with the Board and, therefore, the Board may lack jurisdiction over the matter.  IAF, Tab 19 at 1-2.  She ordered both parties to address this jurisdictional issue prior to the close of the record.  *Id.* at 2. Thereafter, the appellant filed a pleading asserting that he had filed with OSC before he filed with the Board.  IAF, Tab 21 at 5.  In its prehearing submission, the agency also averred that the Board lacks jurisdiction over the matter, arguing, among other things, that the appellant had acknowledged that he filed with OSC before he filed with the Board.  IAF, Tab 22 at 6-8.

---

[2] Although both the notice of proposed removal and the removal decision cited 38 U.S.C. § 714 as the legal authority for the agency's action, the corresponding Standard Form 50 cited "5 USC 75 Post Appointment."  IAF, Tab 7 at 16, 19, 50.  The appellant does not dispute that the agency took this action pursuant to 38 U.S.C. § 714. Petition for Review File, Tab 4 at 5-6.

¶4 Based on the written record, the administrative judge issued an initial decision finding that the appellant filed his Board appeal before he filed with OSC and, therefore, the Board had jurisdiction over the matter. IAF, Tab 23, Initial Decision (ID) at 2-4. The administrative judge also concluded that the agency proved its charge of AWOL by substantial evidence. ID at 7. Finding that the Board lacks the authority to mitigate the agency's chosen penalty pursuant to 5 U.S.C. § 714(d)(2)(B), the administrative judge considered some, but not all, of the penalty factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and found that the penalty of removal was reasonable. ID at 16-17. The administrative judge further found that the appellant failed to prove either of his proffered affirmative defenses by preponderant evidence. ID at 7-15. She therefore affirmed his removal. ID at 17.

¶5 The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4. In his petition for review, the appellant alleges only that he filed his complaint with OSC before he filed his Board appeal; thus, he contends that the Board lacks jurisdiction over the matter. PFR File, Tab 1 at 3-6. In his reply, the appellant resubmits a pleading that he submitted before the administrative judge, which contains arguments on jurisdiction and other issues.[3] PFR File, Tab 4 at 2-6; IAF, Tab 21 at 1-5.

---

[3] A reply is limited to the factual and legal issues raised by the agency in response to the petition for review. Accordingly, we have considered the appellant's reply insofar as it pertains to jurisdiction, which is the only issue argued by the appellant in his petition for review. PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(a)(4) (explaining that a reply is limited to the factual and legal issues raised in the response); *see also Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge that the Board has jurisdiction over this appeal.</u>

¶6     An employee who claims to have suffered whistleblower reprisal regarding an adverse action appealable to the Board may elect to pursue a remedy through one, and only one, of the following remedial processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of a negotiated grievance procedure; or (3) the procedures for seeking corrective action under 5 U.S.C. §§ 1211-1222, i.e., an OSC complaint, potentially to be followed by an individual right of action appeal. *See* 5 U.S.C. § 7121(g); *Requena v. Department of Homeland Security*, 2022 MSPB 39, ¶ 7. Whichever remedy is sought first by an aggrieved employee is deemed to be an election of that procedure and precludes pursuing the matter in either of the other two forums. *Requena*, 2022 MSPB 39, ¶ 8.

¶7     Here, we discern no basis to disturb the administrative judge's reasoned conclusion that the appellant filed his appeal with the Board before he filed his complaint with OSC. ID at 2-4. The record substantiates that the appellant filed with both the Board and OSC on March 8, 2019. IAF, Tab 1, Tab 12 at 5, 12-13, Tab 13 at 5, 12-13. As noted by the administrative judge, on his initial appeal form with the Board, the appellant did not state that he had filed a complaint with OSC. ID at 2; IAF, Tab 1 at 3. In his OSC complaint, however, the appellant specifically acknowledged that he had filed a Board appeal. IAF, Tab 12 at 5, Tab 13 at 5. Thus, we agree that the appellant filed his Board appeal on March 8, 2019, before he filed his complaint with OSC, i.e., that the appellant sought remedy with the Board first. ID at 2-4; *see Requena*, 2022 MSPB 39, ¶ 8. The appellant's mere disagreement with this finding does not provide a basis to disturb the initial decision. PFR File, Tab 1 at 3-6, Tab 4 at 6; *see Broughton v.*

*Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).[4]  We also find no reason to disturb the administrative judge's finding that the appellant's election was knowing and informed.  IAF, Tab 7 at 19-20 (informing the appellant that "[a]n appeal, complaint, or review concerning this action may not be filed in more than one administrative body" and detailing his options to challenge his removal); ID at 3-4; *see Kaszowski v. Department of the Air Force*, 2023 MSPB 15, ¶ 5.

¶8     Although not raised on review, we acknowledge that the initial decision contains a typographical error.  After stating three times that the appellant filed with OSC on March 8, 2019, ID at 2-4, the administrative judge subsequently misstated that he filed with OSC on March 7, 2019, ID at 4.  As explained above, we find that he filed with OSC on March 8, 2019, after he filed with the Board.

This appeal must be remanded for further adjudication on the merits of the appellant's removal.

¶9     After the initial decision in this appeal was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), wherein it found that the Department of Veterans Affairs (VA) erred when it applied the substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714.  In this case, the agency noted in its removal decision that it had applied the substantial evidence burden of proof.  IAF, Tab 7 at 19.  In *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 23, the Board held that, because the Board adjudicates an action taken under

---

[4] To the extent the appellant argues that 38 U.S.C. § 714(e) precludes his removal, we find his contention unavailing.  PFR File, Tab 1 at 6, Tab 4 at 5-6.  Section 714(e) provides, in relevant part, "[i]n the case of a covered individual seeking corrective action . . . from [OSC] based on an alleged prohibited personnel practice described in section 2302(b) of title 5, the Secretary may not remove, demote, or suspend such covered individual under subsection (a) without the approval of [OSC] under section 1214(f) of title 5."  Here, however, the appellant did not elect to seek corrective action with OSC; rather, he elected to file an appeal with the Board under 5 U.S.C. § 7701.  *See* 38 U.S.C. § 714(e); *see also* 5 U.S.C. § 7121(g).

38 U.S.C. § 714 under 5 U.S.C. § 7701(b)(1), actions taken under § 714 are subject to the harmful error test from 5 U.S.C. § 7701(c)(2). Accordingly, we must remand this appeal to determine whether the agency's apparent error in applying the incorrect standard of proof was likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *Semenov*, 2023 MSPB 16, ¶ 23 (citing 5 C.F.R. § 1201.4(r)). We find no basis to disturb the administrative judge's finding that the agency proved its charge, before the Board, by substantial evidence.[5] ID at 7; *see* 38 U.S.C. § 714(d)(2)(A) (stating that an administrative judge must sustain the agency's decision to remove an employee "if the decision is supported by substantial evidence").

¶10    Remand is also required for another reason. On the same day the Federal Circuit decided *Rodriguez*, it also decided *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1326-27 (Fed. Cir. 2021), wherein it held that the VA and the Board must apply the *Douglas* factors to the selection and review of penalties in disciplinary actions taken under 38 U.S.C. § 714. There is no evidence to support a finding that the agency completed a formal *Douglas* factors analysis or considered the relevant *Douglas* factors in this case. IAF, Tab 7 at 19-22. Although the administrative judge considered some of the relevant *Douglas* factors, ID at 16, the Federal Circuit in *Connor* made clear that the agency has an independent obligation to apply the *Douglas* factors. *Connor*, 8 F.4th at 1326; *see also Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022).

---

[5] In the initial decision, the administrative judge found that 38 U.S.C. § 714 eliminated the nexus requirement and, therefore, she did not make a finding as to whether the agency proved nexus. ID at 6. Even if the agency was required to prove nexus, we find that it would be met based on the nature of the charges against the appellant, i.e., AWOL. *See, e.g., Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 8 (2009) (stating that a sustained charge of AWOL is inherently connected to the efficiency of the service).

**ORDER**

¶11     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with *Rodriguez*, 8 F.4th 1290, *Connor*, 8 F.4th 1319, and this Remand Order.  On remand, the administrative judge shall set a deadline for the agency to conduct a penalty redetermination in accordance with *Connor*, 8 F.4th 1319, reissue an agency decision, and notify the administrative judge of that decision.

¶12     After the agency provides the administrative judge with the penalty redetermination, the administrative judge shall then address whether the agency's error in applying the substantial evidence standard of proof to its original action was harmful, *see* 5 U.S.C. § 7701(a)(1), (b)(1); *Semenov*, 2023 MSPB 16, ¶ 24, and whether its new penalty is supported by substantial evidence, *Connor*, 8 F.4th at 1325-26.  In so doing, she shall provide the parties with an opportunity to present evidence and argument addressing these issues.[6]

¶13     The administrative judge shall then issue a new initial decision including her findings on whether the agency committed harmful error in applying the substantial evidence standard of proof to its action and, if not, whether the new penalty is supported by substantial evidence.  *See* 5 U.S.C. § 7701(a)(1), (b)(1); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1376-77 (Fed. Cir. 2020); *Semenov*, 2023 MSPB 16, ¶ 24.  Regardless of whether the appellant proves harmful error in the agency's application of the substantial evidence standard of proof in its decision, if any argument or evidence on remand affects the administrative judge's analysis on the appellant's affirmative defenses, she should address such argument or evidence in the remand initial decision.  *See Semenov*, 2023 MSPB 16, ¶ 25.  When issuing a new initial decision on these matters, the administrative judge may incorporate the findings and conclusions of

---

[6] The administrative judge shall hold a hearing limited to the issues on remand if one is requested by the appellant.

the prior initial decision, consistent with this Remand Order, into the new initial decision.[7]

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[7] Insofar as the appellant has not made any specific challenges to the administrative judge's findings that he failed to prove his affirmative defenses of harmful procedural error and whistleblower reprisal in his petition for review, we find no reason to disturb them. ID at 7-15; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (holding that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions on issues of credibility); *Broughton*, 33 M.S.P.R. at 359 (same). We note that the initial decision contains a brief misstatement of law. ID at 14. In setting forth the legal standard applicable to the appellant's claim of retaliation for whistleblowing, the administrative judge misstated that gross mismanagement requires an element of blatancy. *Id.*; *see Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008) (explaining that gross mismanagement does not require an element of blatancy). Because the appellant has made no cognizable claim of gross mismanagement, we find that this error is immaterial to the outcome.