**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 15**

Docket No. CH-0752-16-0089-I-1

**Michelle E. Kaszowski,**

**Appellant,**

**v.**

**Department of the Air Force,**

**Agency.**

April 4, 2023

Keith E. Kendall, Esquire, Harrisburg, Pennsylvania, for the appellant.

Justin Strong, Youngstown Air Reserve Station, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication consistent with this Opinion and Order.

## BACKGROUND

¶2 On November 13, 2015, the appellant filed a Board appeal challenging her removal, effective October 16, 2015, from her position as a Drug Demand Reduction Program Manager. Initial Appeal File (IAF), Tab 1. The agency

moved to dismiss the appeal for lack of jurisdiction on the basis that the appellant had previously elected to file a grievance concerning her removal. IAF, Tab 5. The administrative judge issued a show cause order explaining that the Board may lack jurisdiction if the appellant had elected to challenge her removal through the negotiated grievance procedure and instructed the appellant to file evidence and argument establishing Board jurisdiction over her appeal. IAF, Tab 8. In response, the appellant contended that the Board has jurisdiction because although she challenged her removal via a union-filed grievance, the union unilaterally declined to pursue arbitration on her behalf. IAF, Tab 10 at 5, 21.

¶3      Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 25, Initial Decision (ID). The administrative judge found that there was no dispute that, prior to filing her Board appeal, the appellant had elected to challenge her removal via a union-filed grievance. Further, the administrative judge found that the union's decision not to pursue arbitration did not render invalid the appellant's election. ID at 3. In particular, the administrative judge noted that it was undisputed that, on October 20, 2015, the union submitted on the appellant's behalf an informal grievance concerning the appellant's removal. ID at 2. After the informal grievance was denied, on October 30, 2015, the union filed a step 4 grievance, noting that steps 1-3 did not pertain to the grievance because the base commander was the deciding official. *Id.* Thus, the administrative judge found that, pursuant to 5 U.S.C. § 7121(e), the appellant had elected to challenge her removal through the negotiated grievance procedure, which precluded her Board appeal. ID at 3. Accordingly, the administrative judge granted the agency's motion to dismiss the appeal for lack of jurisdiction.

¶4      The appellant filed a petition for review, which the agency opposed. Petition for Review (PFR) File, Tabs 1, 3.

ANALYSIS

<u>The appellant's election to file a grievance was not a binding election and did not preclude her removal appeal.</u>

¶5    An employee subjected to an adverse action, such as a removal, and who is covered by a negotiated grievance procedure may challenge such an action by filing either a grievance under the negotiated grievance procedure or a Board appeal under 5 U.S.C. § 7701, "but not both."[1]  5 U.S.C. § 7121(e)(1).  An employee is deemed to have exercised an option when the employee timely files a notice of appeal under the applicable appellate procedures or timely files a grievance in writing in accordance with the provisions of the negotiated grievance procedure, whichever event occurs first.  *Id.*  However, for an election of an option to be binding, it must be knowing and informed.  *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16 (2013).  The Board has held that, when an agency takes an action without informing the appellant of her procedural options under section 7121 and the preclusive effect of electing one of those options, any subsequent election by the appellant is not binding.  *Id.*, ¶ 17; *cf. Johnson v. Department of Veterans Affairs*, 121 M.S.P.R. 695, ¶¶ 6-7 (2014) (finding that the appellant's election to grieve his removal was not binding because the agency's removal decision did not inform him of his right to file a request for corrective action with the Office of Special Counsel (OSC), or of the effect that filing a grievance would have on his right to file an OSC complaint and a subsequent

---

[1] Additional avenues of relief are available when an employee who is subjected to an action appealable to the Board alleges that she has been affected by a prohibited personnel practice.  When alleging a prohibited personnel practice under 5 U.S.C. § 2302(b)(1), the employee may elect one and only one of the following:  (1) a statutory procedure, i.e., a Board appeal or an equal employment opportunity complaint; or (2) a grievance under the applicable negotiated grievance procedures.  5 U.S.C. § 7121(d).  When alleging a prohibited personnel practice other than under 5 U.S.C. § 2302(b)(1), the employee may elect one and only one of the following:  (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance under the applicable negotiated grievance procedures; or (3) a complaint seeking corrective action from the Office of Special Counsel under 5 U.S.C. chapter 12, subchapters II and III.  5 U.S.C. § 7121(g).

individual right of action appeal before the Board), *aff'd*, 611 F. App'x 496 (10th Cir. 2015).[2] For this reason, the Board's regulations require that, when an agency issues a decision notice to an employee on a matter appealable to the Board, it must provide the employee with notice of the available avenues of relief and the preclusive effect any election will have on the employee's Board appeal rights. *See* 5 C.F.R. § 1201.21(d)(1). In particular, when an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee with, among other things, notice of any right the employee has to file a grievance or seek corrective action under subchapters II and III of 5 U.S.C. chapter 12, including "[w]hether the election of any applicable grievance procedure will result in waiver of the employee's right to file an appeal with the Board." *Id.* In proposing this regulation, the Board emphasized that "it is especially important that the agency notice of MSPB appeal rights required by 5 CFR 1201.21 fully explain the consequences of choosing the appeal or grievance procedure" and that "[g]iven the various laws and [collective bargaining agreements] that come into play, it is essential that agency notices of appeal and grievance rights state the situation clearly with respect to the particular employee against whom the action is being taken." Practices and Procedures, 64 Fed. Reg. 58,798 (Nov. 1, 1999).

¶6        The agency's Notice of Decision to Remove provided, in relevant part:

3. If you consider this action improper, you are entitled to:

(a) Appeal this action to the Merit Systems Protection Board (MSPB) or (b) Seek corrective action before the U.S. Office of Special Counsel (OSC) or (c) File a grievance under the negotiated grievance procedure or (d) A discrimination complaint with the Equal Employment Opportunity Commission (EEOC)

---

[2] Although *Johnson* is based on 5 U.S.C. § 7121(g), rather than section 7121(e), in *Agoranos*, 119 M.S.P.R. 498, ¶¶ 15-16, the Board made it clear that both of these statutory subsections require that elections be knowing and informed.

> You shall be deemed to have exercised your option to appeal the adverse action at such time as you timely initiate action to appeal to the Board, or the OSC, or timely file a grievance in writing under the negotiated grievance procedure, or a discrimination complaint. If your appeal includes an allegation that the facility engaged in a prohibited personnel action in retaliation of protected whistleblowing [sic], you may elect to file an appeal to MSPB, OSC, or a negotiated grievance and your election is based on which election you file first.

IAF, Tab 3 at 3. After setting forth the methods for submitting an appeal with the Board, seeking corrective action from OSC, filing a grievance, and filing a complaint of discrimination, the decision notice indicated that "[w]hichever is filed first, an appeal to the MSPB, an appeal for corrective action to OSC, a grievance under the negotiated grievance procedure, or a discrimination complaint, shall be considered an election by you to proceed under that appeal process." *Id.* at 3-4.

¶7    Here, we agree with the administrative judge that the appellant elected to grieve her removal, notwithstanding the union's purported decision not to arbitrate the appellant's grievance of her removal. ID at 3-4; *see Martinez v. Department of Justice*, 85 M.S.P.R. 290, ¶ 10 (2000). Nevertheless, nothing in the record demonstrates that the agency fully explained the consequences of choosing the appeal or grievance procedure. The decision letter did not explicitly inform the appellant that she could raise the matter at issue with the Board or under the negotiated grievance procedure, "but not both," 5 U.S.C. § 7121(e)(1), nor did it provide her with notice as to "[w]hether the election of any applicable grievance procedure will result in waiver of the employee's right to file an appeal with the Board,"[3] 5 C.F.R. § 1201.21(d)(1). Thus, we find that the appellant did not make a knowing and informed election and did not waive her right to file a

---

[3] Agencies may wish to review and update, if necessary, the notice of appeal rights language in their decision notices consistent with the applicable statutes and 5 C.F.R. § 1201.21.

Board appeal.  *See Johnson*, 121 M.S.P.R. 695, ¶ 7; *Agoranos*, 119 M.S.P.R. 498, ¶ 17;  5 C.F.R. § 1201.21(d)(1).[4]  Accordingly, we remand the appeal for adjudication of the merits of the agency's removal action.[5]

## ORDER

¶8  Based on the foregoing, we remand this case to the regional office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

/s/ for
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.

---

[4] During the pendency of this appeal, Congress enacted the National Defense Authorization Act of 2018 (2018 NDAA), effective December 12, 2017.  Pub. L. No. 115-91, 131 Stat. 1283 (2017).  The 2018 NDAA codified, with respect to an action taken under 5 U.S.C. §§ 7503(b)(1), 7513(b)(1), or 7543(b)(1), an agency's obligation to notify an employee of her right to appeal an action brought under one of the applicable sections, the forums in which she may file her appeal, and any limitations on her rights that would apply because of her forum selection.  2018 NDAA § 1097(b)(2), 131 Stat. at 1617 (5 U.S.C. § 7503 Note).  We need not consider the retroactivity of this provision and whether the agency also failed to comply with this statutory requirement given our finding that the agency did not comply with the Board's regulatory notice requirements.

[5] Section 7121(e)(1) applies to an "aggrieved employee."  Under 5 U.S.C. § 7103(a)(2), a "supervisor" or "management official" is not such an "employee."  Supervisors or management officials are, therefore, excepted from the election of remedies provisions of 5 U.S.C. § 7121.  *See Requena v. Department of Homeland Security*, 2022 MSPB 39, ¶ 11.  Although the appellant's title is Drug Demand Reduction Program Manager, we need not address whether to apply *Requena* in this case because the record appears to indicate that she is not a supervisor or management official, *see, e.g.*, IAF, Tab 7 at 98, and we have otherwise found that her election was invalid.