## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID S. TURRENTINE,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
DA-0752-17-0224-I-1

DATE: September 7, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Raymond Gillen, Kerrville, Texas, for the appellant.

Sean A. Safdi, Esquire, and Daniel Morvant, San Antonio, Texas, for the
  agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The agency removed the appellant, effective February 5, 2017, based on the charge of failure to meet the suitability requirements to obtain a personal identification verification card.  Initial Appeal File (IAF), Tab 8 at 9-15.  The decision notice advised the appellant of his rights to challenge the action, including his right to file a Board appeal or a grievance under the negotiated grievance procedure.  *Id.* at 11.  The appellant designated his union as his representative, and the local union president timely filed a grievance challenging the removal on the appellant's behalf.  IAF, Tab 13 at 13-14, 18, 20.  After the agency denied the grievance, the appellant appealed his removal to the Board.  *Id.* at 15; IAF, Tab 2.

¶3      Without holding the appellant's requested hearing, the administrative judge found that the appellant grieved his removal before filing his Board appeal and dismissed the appeal for lack of jurisdiction under 5 U.S.C. § 7121(e)(1).  IAF, Tab 19, Initial Decision.  The appellant filed a petition for review, to which the agency responded.  Petition for Review File, Tabs 1, 3.

¶4      An employee subjected to an adverse action which also falls within the coverage of a negotiated grievance procedure may challenge the action through a Board appeal or the negotiated grievance procedure, but not both.  5 U.S.C. § 7121(e)(1).  An employee is deemed to have exercised an option when he timely files a notice of appeal or timely files a written grievance, whichever occurs first.  *Id.*  However, for an election of an option to be binding, it must be knowing and informed.  *Kaszowski v. Department of the Air Force*, 2023 MSPB 15, ¶ 5.  Thus, the Board's regulations require that, when an agency issues a decision notice for any action appealable to the Board, it must notify the employee of the available avenues to challenge the agency action and the

preclusive effect any election will have on the employee's Board appeal rights. *Id.*; 5 C.F.R. § 1201.21(d)(1). The Board has held that, when an agency takes an action without informing the appellant of his procedural options under 5 U.S.C. § 7121 and the preclusive effect of electing one of those options, any subsequent election by the appellant is not binding. *Kaszowski*, 2023 MSPB 15, ¶ 5.

¶5    In *Kaszowksi*, which was decided after the issuance of the initial decision in this case, the Board held that an employee who grieved her removal before appealing it to the Board did not waive her right to file a Board appeal when the decision notice did not fully explain the consequences of choosing the appeal or grievance procedure, i.e., did not explicitly inform her that she could raise her removal with the Board or under the negotiated grievance procedure, but not both, or that grieving her removal would result in waiver of her Board appeal right. 2023 MSPB 15, ¶¶ 2, 7. The notice of appeal rights here, which is virtually identical to that in *Kaszowski*, suffers from the very same defect.[2] *Id.*, ¶¶ 6-7; IAF, Tab 8 at 11-12. The appellant thus cannot be deemed to have made a knowing and informed election or to have waived his Board appeal right by having first filed a grievance. *Kaszowski*, 2023 MSPB 15, ¶ 7. We thus vacate

---

[2] The notice of appeal rights provided by the agency informed the appellant that he was entitled to: "a) appeal this action to the Merit Systems Protection Board (MSPB) or; b) seek corrective action before the U.S. Office of Special Counsel (OSC) or; c) file a grievance under the negotiated grievance procedure or: [sic] d) a discrimination complaint with the Office of Resolutions Management (ORM)." IAF, Tab 8 at 11. The notice continued as follows:

> You shall be deemed to have exercised your option to appeal the adverse action at such time as you timely initiate action to appeal to MSPB or OSC, or timely file a grievance in writing under the negotiated grievance procedure, or a discrimination complaint. If your appeal includes an allegation that the facility engaged in a prohibited personnel action in retaliation for protected whistleblowing, you may elect to file an appeal to MSPB, OSC, or a negotiated grievance and your election is based on which election you file first.

*Id.*

the initial decision and remand the appeal for adjudication of the appellant's removal on the merits.  *Id.*, ¶¶ 1, 7.  On remand, the administrative judge shall fully identify the issues and afford the parties the opportunity to fully develop the record on those issues through discovery and submission of additional evidence and argument.  The administrative judge shall then hold a hearing and issue a new initial decision addressing, consistent with the most recent precedent, the merits of the appellant's removal and any affirmative defenses.[3]  *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (stating that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests).

---

[3] In a February 21, 2017 letter, the Board rejected the appellant's timely filed February 14, 2017 appeal because it did not include a copy of the agency decision being appealed and instructed him to refile a corrected appeal within 10 calendar days.  IAF, Tab 1.  The appellant did not file a corrected appeal until March 10, 2017.  IAF, Tab 2.  Thus, as the administrative judge correctly observed, there is a question as to whether the appeal was timely filed or whether good cause existed for the appellant's filing delay.  IAF, Tab 4.  Because it appears that she did not rule on these issues and the record is insufficient to decide them on review, on remand, the administrative judge shall provide the parties with notice of the issues and requirements and afford them an opportunity to submit additional evidence and argument.  We observe that, allowing for 5 additional days for the delivery of the February 21, 2017 rejection notice, which was served by mail, the appellant's deadline to file a corrected appeal would have been March 8, 2017, rendering his corrected March 10, 2017 appeal 2 days late, rather than 3 days late as determined by the administrative judge.  5 C.F.R. § 1201.23; IAF, Tab 1, Tab 4 at 2.

**ORDER**

¶6      For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:            /s/ for _____

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.