**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RASHID IQBAL,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DOCKET NUMBER<br>PH-0752-16-0397-I-3<br><br><br>DATE:  March 27, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Gary E. Kennedy, Chelsea, Maine, for the appellant.

Robert F. Stone, Esquire, South Deerfield, Massachusetts, for the appellant.

Joshua R. Carver, Augusta, Maine, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency decided to remove the appellant for unacceptable performance based on its assessment of his performance during a performance improvement period. *Iqbal v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-16-0397-I-1, Initial Appeal File (IAF), Tab 12 at 5-7, 11, Tab 21 at 17-19. In its May 18, 2015 decision notice, the agency notified the appellant that he would be removed effective June 1, 2015. IAF, Tab 21 at 17-19. The appellant's union filed a third step grievance on his behalf on May 21, 2015, specifically challenging the removal. IAF, Tab 20 at 13. Following the advice of a union representative, the appellant retired on May 29, 2015, before his removal took effect. IAF, Tab 1 at 7, Tab 21 at 20. He then filed a formal discrimination complaint challenging his removal. IAF, Tab 20 at 16. In a final agency decision (FAD), the agency found the appellant's retirement to be voluntary, his removal warranted based on his unacceptable performance, and his discrimination claims unsupported. *Id.* at 17-27. The appellant timely appealed the FAD to the Board, indicating that he was appealing, among other things, his removal and an involuntary retirement. IAF, Tab 1; *see* 29 C.F.R. § 1614.302(d)(1)(ii). The appellant alleged that his retirement was a result of discrimination based on, among other things, his religion and disability. IAF, Tab 1 at 7, Tab 9 at 5-9, 12-13, Tab 22 at 3. The administrative judge adjudicated the appeal as an involuntary retirement appeal, which he dismissed after a hearing for lack of jurisdiction. *Iqbal v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-16-0397-I-3, Appeal File, Tab 7, Initial Decision. The appellant petitioned the Board for review. Petition for Review (PFR) File, Tab 1.

Under 5 U.S.C. § 7701(j), "neither an individual's status under any retirement system established by or under Federal statute nor any election made

by such individual under any such system may be taken into account" in determining the appealability of an individual's removal from Federal service. The Board thus retains jurisdiction over an appeal when an employee retires when faced with an agency's final decision to remove him. *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-80 (Fed. Cir. 1994); *Krawchuk v. Department of Veterans Affairs*, 94 M.S.P.R. 641, ¶ 6 (2003). This is true even if the effective date of the retirement is on or before that of the removal. *Krawchuk*, 94 M.S.P.R. 641, ¶ 6.

Here, the appellant retired on May 29, 2015, following the issuance of the May 18, 2015 decision notice and before the June 1, 2015 scheduled effective date of the removal. IAF, Tab 21 at 17-20. Because the agency issued a decision notice, the administrative judge erred in adjudicating the involuntary retirement claim rather than the merits of the removal, and we vacate the initial decision. *See Krawchuk*, 94 M.S.P.R. 641, ¶¶ 5, 7-8 (finding that the administrative judge erred in analyzing the issue of jurisdiction under the law governing coercive retirements when the agency issued a final removal decision before the appellant's retirement). Further, because the administrative judge failed to fully identify the issues or afford the parties the opportunity to fully develop the record on those issues, remand is required.

Regarding the May 21, 2015 grievance filed on the appellant's behalf, while this matter was pending on petition for review, the Board issued an order observing that it did not appear that the administrative judge addressed a critical jurisdictional issue—whether the appellant elected to challenge his removal through the negotiated grievance procedure prior to filing his Board appeal. PFR File, Tab 3 at 2. The Board noted that under 5 U.S.C. § 7121(e)(1), an election to file a grievance deprives the Board of jurisdiction over the aggrieved action if the employee receives adequate notice of his election rights and his grievance is timely filed. *Id.* at 2-3. The Board ordered the appellant to file evidence and argument regarding why his appeal should not be dismissed for lack of

jurisdiction based on the filing of the grievance.[2]  *Id.* at 3.  Subsequently, the Board issued its decision in *Kaszowski v. Department of the Air Force*, 2023 MSPB 15, ¶¶ 6-7, finding that an appellant did not waive her right to appeal a removal to the Board when the agency did not fully explain the consequences of choosing the appeal or grievance procedure, preventing her from making a knowing and informed election of remedies.  We find that the notice of appeal rights in this case is virtually identical to the one in *Kaszowski*, in that it did not explicitly inform the appellant that he could raise the matter at issue with the Board or under the negotiated grievance procedure, but not both, nor did it otherwise notify him as to whether the election of the grievance procedure would result in a waiver of his right to file a Board appeal.  IAF, Tab 21 at 17-19.[3] Thus, he cannot be deemed to have waived that right by having first filed a grievance.  *See Kaszowski*, 2023 MSPB 15, ¶¶ 6-7.

On remand, the administrative judge shall afford the parties the opportunity to conduct discovery and submit additional evidence and argument regarding the appellant's adverse action appeal.  The administrative judge shall hold a supplemental hearing, if requested by the appellant, and shall issue a new initial decision addressing, consistent with the most recent precedent, the merits of the

---

[2] The appellant did not respond to this order.

[3] The notice of appeal rights provided by the agency informed the appellant that he was entitled to:  "a) Appeal this action to the Merit Systems Protection Board (MSPB) or b) Seek corrective action before the U.S. Office of Special Counsel (OSC) or c) File a grievance under the negotiated grievance procedure or d) A discrimination complaint with the Office of Resolution Management (ORM)."  IAF, Tab 21 at 17.  The notice continued as follows:

> You shall be deemed to have exercised your option to appeal the adverse action at such time as you timely initiate action to appeal to the Board, or the OSC, or timely file a grievance in writing under the negotiated grievance procedure, or a discrimination complaint.  If your appeal includes an allegation that the facility engaged in a prohibited personnel action in retaliation for protected whistleblowing, you may elect to file an appeal to MSPB, OSC, or a negotiated grievance and your election is based on which election you file first.

*Id*. at 17.

appellant's performance-based removal, and any affirmative defenses.[4] *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (stating that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:               _____
                             Gina K. Grippando
                             Clerk of the Board
Washington, D.C.

---

[4] It does not appear that the administrative judge addressed the appellant's challenge, raised during the appeal, of his alleged denial of a within-grade pay increase. IAF, Tab 9 at 13-14. On remand, the administrative judge shall provide appropriate notice, determine whether the appellant timely raised a matter under Board jurisdiction, and if the appellant did so, adjudicate the claim. The administrative judge may address the claim in the present appeal or in a separate one at his discretion.