**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SANGEETA SINHA, | DOCKET NUMBER |
| Appellant, | PH-0752-23-0309-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: October 11, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Sangeeta Sinha, Lake Hopatcong, New Jersey, pro se.

Matthew D. Nafus, Esquire, Picatinny Arsenal, New Jersey, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her adverse action appeal as premature. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 The appellant was employed by the agency as a DE-02, Program Analyst. Initial Appeal File (IAF), Tab 6 at 9. On July 6, 2023, the agency issued the appellant a notice of proposed removal, and she filed an initial appeal challenging the proposed action on the same day. IAF, Tab 1 at 4, Tab 6 at 11, 25. The administrative judge issued an order to show cause, which advised the appellant of her burden of proof and the legal standard for establishing jurisdiction over an adverse action appeal. IAF, Tab 3 at 1-2. In response to the order, the appellant filed a request to withdraw her appeal because it "is in [the] very initial stage." IAF, Tab 4 at 3. The agency responded, arguing that the case should be dismissed for lack of jurisdiction because it had not yet issued a decision on the proposed removal. IAF, Tab 6 at 5.

¶3 On August 2, 2023, the administrative judge issued an initial decision that found "it is undisputed that the appellant has only been issued a proposal to remove." IAF, Tab 7, Initial Decision (ID) at 2. Accordingly, the administrative judge dismissed the appeal and advised the appellant that "if the agency eventually takes an adverse action over which the Board has jurisdiction . . . an opportunity to file another Board appeal will be provided." ID at 2-3.

¶4 The appellant has filed a timely petition for review, in which she challenges her removal. Petition for Review (PFR) File, Tab 1 at 3-4. She attaches her written response to the proposal. *Id.* at 5-11. The agency has not responded to the petition for review. The Clerk of the Board has issued an order (Clerk's Order) to both parties to submit argument and evidence as to whether the agency has issued the appellant a decision in connection with the proposal to remove her. PFR File, Tab 3 at 2. In response, the agency states that on August 4, 2023, two days after the issuance of the initial decision, the agency issued the appellant a Decision on Notice of Proposed Removal, which found that the evidence supported the charges laid out in the Notice of Proposed Removal and stated that her removal was effective on August 5, 2023. PFR File, Tab 4 at 4. The agency

submits a copy of the removal decision. *Id.* at 9-13. The appellant has not responded to the Clerk's Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 In his initial decision, the administrative judge found that the Board did not have jurisdiction over the appellant's adverse action appeal because no appealable action had yet been taken. ID at 2-3. On review, the agency has provided evidence that the proposed removal has now been effectuated. PFR File, Tab 4 at 9-13.

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has chapter 75 jurisdiction over a removal but not a proposed removal. *Cruz v. Department of the Navy*, 934 F.2d 1240, 1243 (Fed. Cir. 1991) (holding that "[b]ecause mere proposals to remove are not listed in [5 U.S.C.] § 7512, they are not appealable adverse actions . . . and the Board has no jurisdiction over them"). At the time the administrative judge issued his initial decision, the agency had not yet issued its Decision on Notice of Proposed Removal to the appellant. ID at 1; PFR File, Tab 4 at 9. Therefore, at the time the initial decision was issued, the administrative judge was correct that the Board did not have jurisdiction over the appellant's adverse action appeal.

¶7 However, in its response to the Clerk's Order, the agency states that the appellant's removal has been effectuated. PFR File, Tab 4 at 4, 12. Because the removal has been effectuated, the appellant's right to file an appeal has now vested. *See Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 7 (2008) (explaining that it is the Board's practice to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board). Accordingly, the appeal should be remanded to the regional office for further adjudication.

¶8    The agency argues that the appellant has "clearly evidenced an intent not to proceed," and, as such, the Board should not continue to adjudicate the appeal. PFR File, Tab 4 at 5. We disagree. In the initial appeal, the appellant did file a request to withdraw her appeal, stating that her appeal was "in [the] very initial stage." IAF, Tab 4 at 3. However, the administrative judge did not grant her request to withdraw. ID at 3. Additionally, the appellant's petition for review was filed after her request to withdraw and after her removal was effectuated, indicating that she intends to proceed. Finally, the Board will not treat her lack of response to the Clerk's Order as a reason to deny the petition for review. *Cf. Murdock v. Government Printing Office*, 38 M.S.P.R. 297, 299 (1988) (explaining that a single instance of noncompliance with a Board order is insufficient to warrant a dismissal).

¶9    We observe that the agency's removal decision advised the appellant that she could appeal her removal directly to the Board, file a grievance, or file either an equal employment opportunity or Office of Special Counsel (OSC) complaint followed by a Board appeal. PFR File, Tab 4 at 12-13. For an election of forum to be binding, it must be knowing and informed. *Kaszowski v. Department of the Air Force*, 2023 MSPB 15, ¶ 5. At the time the appellant elected to file a Board appeal, she had not yet been issued the removal decision and was not apprised of the binding effect of filing a Board appeal before, for example, filing an OSC complaint. IAF, Tab 6 at 22-24. Therefore, on remand, the administrative judge should confirm that the appellant wishes to proceed with this Board appeal rather than in another forum.[2]

---

[2] When confirming whether the appellant wishes to proceed with her Board appeal, the administrative judge should explain to the appellant that, if she withdraws her appeal to challenge the removal decision in another forum, it is possible that the other forum will consider the fact that the appellant filed a Board appeal first to have been a binding election of remedies under 5 U.S.C. § 7121. If so, the appellant's challenge to the removal may not be heard on the merits, and she will not be able to have her Board appeal reinstated. *See, e.g., Caracciola v. Office of Personnel Management*, 86 M.S.P.R. 601, (2000) (stating that withdrawal of an appeal is an act of finality which removes the appeal from the Board's jurisdiction).

## ORDER

¶10     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.