## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAMIEN LAMONT WARE,
           Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
           Agency.

DOCKET NUMBER
CH-0752-20-0473-I-1

DATE: November 18, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Damien Lamont Ware</u>, Cleveland, Ohio, pro se.

<u>Nick Pasquarella</u>, Akron, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant was a GS-09 Legal Administrative Specialist for the agency. Initial Appeal File (IAF), Tab 5 at 10. By letter dated March 10, 2020, the agency notified the appellant that he was being removed under the authority of 38 U.S.C. § 714, effective March 16, 2020. *Id.* at 10-16. The decision letter informed the appellant of the various avenues available for contesting his removal, how to elect a remedy, the preclusive consequences of electing a remedy, and the time limits applicable to each forum, including the statutory 10-day deadline for filing an appeal directly with the Board. *Id.* at 14-15; *see* 38 U.S.C. § 714(c)(4)(B).

¶3      The appellant attempted to use three different avenues to contest his removal. First, on March 10, 2020, the appellant amended a pending equal employment opportunity (EEO) complaint to include the removal decision. *Ware v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-20-0344-W-1, Appeal File (0344 AF), Tab 6 at 86-89. Second, on March 19, 2020, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had removed him in retaliation for protected whistleblowing. *Ware v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-20-0313-I-1, Appeal File (0313 AF), Tab 8 at 8-9. Third, the appellant filed an appeal directly with the Board on April 8, 2020. 0313 AF, Tab 1.

¶4      In that Board appeal, the administrative judge notified the appellant that his appeal appeared have been filed outside the 10-day statutory deadline, and she apprised him of how to prove that the appeal was timely or that the deadline should be equitably tolled. 0313 AF, Tab 4. Shortly thereafter, the appellant manifested his intent to withdraw his Board appeal in favor of the other avenues of relief that he was pursuing. 0313 AF, Tab 12. The administrative judge

dismissed the appeal as withdrawn in an initial decision that became final when neither party petitioned for review. 0313 AF, Tab 13, Initial Decision; *see* 5 C.F.R. § 1201.113. Meanwhile, the processing of the appellant's EEO and OSC complaints continued.

¶5 On April 16, 2020, OSC closed its investigation into the appellant's whistleblower complaint, without taking corrective action. 0344 AF, Tab 5. On April 23, 2020, the appellant filed an individual right of action (IRA) appeal, which the Board has adjudicated separately. 0344 AF, Tab 1. Then, on July 21, 2020, the appellant filed the instant appeal and requested a hearing. IAF, Tab 1. He indicated that he intended to challenge both the merits of his removal and pursue the discrimination claims that he had made in his EEO complaint. IAF, Tabs 1, 6. The administrative judge, however, dismissed the appeal as res judicata or, in the alternative, as untimely filed. IAF, Tab 7 at 7, Initial Decision (ID).

¶6 The appellant has filed a petition for review, disputing the administrative judge's analysis. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 2, 4.

## ANALYSIS

¶7 This appeal presents a multiplicity of procedural and jurisdictional issues. However, as set forth below, we have considered them all and find that none provide a basis to dismiss the appeal on the current record.

Election of Remedies

¶8 Depending on his status and the claims that he is raising, there are several avenues available for a Federal employee to contest his removal. Generally speaking, however, an employee like the appellant, who is covered under a collective bargaining agreement, may elect one and only one of these options. His choice to file first in one forum will preclude him from subsequently

contesting his removal in a different forum. *See generally*, 5 U.S.C. § 7121(d)-(g). As explained above, the appellant first elected to contest his removal by amending his formal complaint of discrimination under 29 C.F.R. § 1614.302(b). *See* 29 C.F.R. § 1614.106(d) (concerning amendments to complaints). The appellant then elected to file a whistleblower complaint with OSC under 5 U.S.C. § 1214(a)(1)(A). We find that the appellant's election to file a mixed-case EEO complaint did not preclude him from subsequently filing an OSC whistleblower complaint on the same matter.

¶9      Under 5 U.S.C. § 7121(d), an employee who alleges that he was subjected to a prohibited personnel practice under 5 U.S.C.§ 2302(b)(1) must choose between filing a mixed-case Board appeal, a mixed-case EEO complaint, or a grievance under negotiated grievance procedures. *Kazowski v. Department of the Air Force*, 2023 MSPB 15, ¶ 5 n.1. Under 5 U.S.C. § 7121(g), an employee who alleges that he was subjected to a prohibited personnel practice under 5 U.S.C. § 2302(b)(8) or (9) must choose between filing an appeal to the Board under 5 U.S.C. § 7701, a complaint seeking corrective action from OSC, or a grievance under the applicable negotiated grievance procedures.[2] *Id*. The statute does not directly address the situation presented in this case, i.e., where the employee alleges that he was subjected to prohibited personnel practices under both 5 U.S.C. § 2302(b)(1) and 5 U.S.C. § 2302(b)(8) or (9). However, reading the statute as a whole, we find that it permits an employee to raise the 2302(b)(1) claim in a mixed-case complaint of discrimination and the 2302(b)(8) claim separately in an OSC whistleblower complaint. Specifically, the elections for (b)(1) claims are addressed in a separate subsection than elections for (b)(8) and (b)(9) claims. Under the plain language of 5 U.S.C. § 7121(d), the appellant's election to contest his removal through an EEO mixed-case complaint precluded him from subsequently contesting his removal through a grievance or a Board

---

[2] Section 7121(g) applies to all claimed prohibited personnel practices apart from those covered under 5 U.S.C. § 2302(b)(1). This includes 5 U.S.C. § 2302(b)(8) and (9), which are provisions implicated in the appellant's whistleblower complaint.

appeal. Nothing in that subsection limited his right to contest his removal through a subsequent OSC complaint. Conversely, under the plain language of 5 U.S.C. § 7121(g), the appellant's OSC complaint precluded him from subsequently contesting his removal through a grievance or a Board appeal. Nothing in that subsection limited his right to contest his removal through an EEO mixed-case complaint. In other words, when, as here, an employee claims prohibited personnel practices under both 2302(b)(1) and 2302(b)(8) or (9), the statute permits him to pursue those claims separately, through the EEO process, and the OSC process respectively.

¶10    That being said, we find that the removal decision letter adequately apprised the appellant of the election of remedies issues, IAF, Tab 5 at 14-15, and that on March 10, 2020, he made a valid, binding election to contest his removal through the EEO mixed-case complaint process.[3] Although this election did not preclude his subsequent OSC complaint, it did preclude his April 8, 2020 Board appeal. *See* 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.302(b).

Res Judicata

¶11    Res judicata, or claim preclusion, prevents parties from litigating issues that could have been raised in a prior action. *Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). It applies if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*

¶12    In this case, the administrative judge dismissed the instant appeal as res judicata on the basis that the appellant had voluntarily withdrawn his previous appeal. ID at 2-3. However, this dismissal did not amount to a "final decision on the merits." Because the merits of the appellant's removal were not examined in that appeal, the doctrine of res judicata does not apply. *See Williams v.*

---

[3] The appellant's March 19, 2020 OSC complaint would likewise have precluded a direct Board appeal. *See* 5 U.S.C. § 7121(g); 5 C.F.R. § 1209.2(d).

*Department of Health and Human Services*, 112 M.S.P.R. 628, ¶ 9 (2009) (finding the doctrine of res judicata inapplicable because the appellant's original appeal was dismissed as settled without examining the merits of the removal action); *Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 12 (finding res judicata inapplicable because there had not been an examination of the merits of the agency's action after the appeal was withdrawn as part of a settlement), *review dismissed*, 199 F. App'x. 949 (Fed. Cir. 2006).

Timeliness

¶13    It is undisputed that the appellant did not file his removal appeal within 10 business days of the date of his removal, as required for an appeal to be timely under 38 U.S.C. § 714(c)(4)(B). Therefore, the administrative judge found that the appeal was untimely. ID at 4. However, after the initial decision was issued, the Board clarified that the 10-day deadline of 38 U.S.C. § 714(c)(4)(B) does not apply to cases like this one, in which the appellant elected to contest his removal through the mixed-case complaint process. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 15-25. Rather, when an employee elects to contest his section 714 removal through a mixed-case complaint, the procedures and time limits of 5 U.S.C. § 7702(e)(2), 5 C.F.R. § 1201.154(b)(2), and 29 C.F.R. § 1614.302(d) apply. *Id.*, ¶ 25.

¶14    Under 5 C.F.R. § 1201.154(b)(2), a Board appeal must be filed within 30 days after the appellant receives the agency resolution or final agency decision on the discrimination issue, or if the agency has not resolved the matter or issued a final decision within 120 days, the appellant may appeal directly to the Board. *See Gray v. U.S. Postal Service*, 93 M.S.P.R. 161, ¶ 10 (2002). In this case, the record is not sufficiently developed for the Board to make a determination on the timeliness issue. Specifically, there is no evidence of whether or when the agency issued a final decision on the appellant's complaint. If the agency issued such a decision, depending on the date that the agency issued it and when the appellant

received the decision, the appeal may be untimely. If the agency did not issue a final decision, then the appeal was prematurely filed, i.e., less than 120 days after the appellant amended his EEO complaint to include his removal. *See Ayer v. Department of Veterans Affairs*, 54 M.S.P.R. 638, 640 (1992). Nevertheless, under this latter scenario, the appeal would now be ripe for adjudication because the 120-day mark has passed during the pendency of the appeal. *See id.*

¶15    Prior to the initial decision, the appellant did not receive specific notice of the particular timeliness issues involved in his appeal. *See Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶¶ 8-9 (2004). Therefore, the appellant will be afforded the opportunity on remand to prove that his appeal was timely filed under 5 C.F.R. § 1201.154(b).

Withdrawal

¶16    Withdrawal of an appeal is an act of finality, and in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *Scarboro v. Department of the Navy*, 55 M.S.P.R. 494, 496 (1992). Furthermore, the voluntary withdrawal of one appeal generally precludes an appellant from filing a subsequent appeal based on the same cause of action. *See Lapedis v. Department of Health and Human Services*, 47 M.S.P.R. 337, 342, *aff'd*, 949 F.2d 403 (Fed. Cir. 1991) (Table). However, as explained above, the appellant's previous appeal of April 8, 2020, was not filed pursuant to a proper election. *Supra* ¶ 10. The Board has found that the withdrawal of such an appeal does not prevent an appellant from filing a subsequent Board appeal of the same action under the provisions of 5 U.S.C. § 7702. *Dawson v. U.S. Postal Service*, 45 M.S.P.R. 194, 196-97 (1990). In other words, we find that the appellant's withdrawal of his previous appeal, which was not properly before the Board in the first place, has no effect on the instant appeal, which is properly before the Board.

## ORDER

¶17     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.  On remand, the administrative judge shall notify the appellant of the particular timeliness issues in his case and allow the parties to file evidence and argument on the issue.  If the administrative judge finds that the appeal is timely, or that there is good cause for any delay, the administrative judge shall adjudicate the appeal on the merits.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.