## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DIANA STEPHENS, | DOCKET NUMBER |
| Appellant, | DA-0714-21-0093-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: February 7, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

George J. Wankmueller, Killeen, Texas, for the appellant.

Daniel Morvant and Delany Steele, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member**

*The Board members voted on this decision before January 20, 2025.
**Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her removal for lack of Board jurisdiction. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for adjudication on the merits as a timely filed mixed-case appeal.

## BACKGROUND

On September 18, 2019, the agency proposed to remove the appellant, pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (DVAAWPA), codified at 38 U.S.C. § 714, from her Medical Technologist, GS-0644-09, position based on charges of failure to follow instructions, misuse of the agency's duress alarm system, and inappropriate conduct. Initial Appeal File (IAF), Tab 6 at 16-18. On October 18, 2019, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency proposed her removal in retaliation for making protected disclosures. IAF, Tab 1 at 10. On October 23, 2019, the agency issued a decision sustaining the three charges and removing the appellant from her position, effective immediately. IAF, Tab 7 at 19-23, 26-29. The letter informed the appellant that she could seek review of the action by appealing to the Board, seeking corrective action from OSC, filing a grievance under the negotiated grievance procedure, or pursuing a discrimination complaint with the agency's Office of Resolution Management. *Id.* at 20. The letter also noted that the appellant was not precluded from concurrently filing a request for corrective action with OSC and a discrimination complaint. *Id.* at 22.

On November 29, 2019, the appellant filed a Board appeal challenging her removal. *Stephens v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-20-0067-I-1, Initial Appeal File (0067 IAF), Tab 1. She subsequently withdrew that appeal on December 4, 2019, and the administrative judge issued an initial decision dismissing that appeal as withdrawn, which became final on January 8, 2020, after neither party filed a petition for review of that decision. 0067 IAF, Tab 9, Initial Decision (0067 ID) at 1-2. On a date that cannot be

determined from the record, the appellant amended her OSC complaint to include a claim that she was removed in retaliation for her protected disclosures. IAF, Tab 1 at 10. On February 28, 2020, the appellant filed an individual right of action (IRA) appeal, alleging that the agency removed her in retaliation for her protected whistleblowing activity. *Stephens v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-20-0213-W-1, Initial Appeal File (0213 IAF), Tab 1. The administrative judge subsequently issued a May 26, 2020 initial decision dismissing the appellant's IRA appeal, concluding that she had failed to make a nonfrivolous allegation of Board jurisdiction, and that decision became final on June 30, 2020, when neither party filed a petition for review of that decision. 0213 IAF, Tab 19 at 1, 6.

On December 2, 2019, after the appellant had filed the initial Board appeal challenging her removal, but before she filed her IRA appeal, the appellant filed a formal equal employment opportunity (EEO) complaint with her former employing agency alleging that the agency violated Federal antidiscrimination laws by removing her in retaliation for her prior EEO activity. IAF, Tab 1 at 11. On or around November 12, 2020, the agency issued a Final Agency Decision (FAD) concluding that the appellant's removal was not taken in retaliation for her prior EEO activity. IAF, Tab 1 at 5, 11-18.

On December 9, 2020, the appellant filed the instant appeal, the third such Board appeal challenging her removal. IAF, Tab 1. The administrative judge issued an order instructing the appellant to show why her appeal should not be dismissed because she previously made a binding election to challenge her removal in her withdrawn Board appeal. IAF, Tab 3 at 1-3. The administrative judge also noted that the instant appeal appeared to be untimely and ordered the appellant to file evidence and argument regarding the timeliness of her appeal. *Id.* at 3-6. The agency moved to dismiss the appeal for lack of jurisdiction, asserting that the appellant filed a previous Board appeal challenging her removal before subsequently withdrawing that appeal, thereby making a binding election

and precluding a subsequent Board appeal challenging her removal. IAF, Tab 8 at 6-8. Alternatively, the agency argued that the appeal should be dismissed as untimely filed because the appellant failed to file the instant Board appeal within 10 business days of the removal action. *Id.* at 8-11; *see* 38 U.S.C. § 714(c)(4)(B). The administrative judge then issued a second order instructing the appellant to show cause as to why her appeal should not be dismissed for lack of jurisdiction based on the fact that she had made a prior binding election. IAF, Tab 9. Specifically, the administrative judge noted that under 5 U.S.C. § 7121(g), an employee who claims to have suffered whistleblowing reprisal regarding an adverse action may elect no more than one of the following remedies: (1) a direct appeal to the Board; (2) a negotiated grievance procedure pursuant to 5 U.S.C. § 7121; or (3) a request for corrective action from OSC under 5 U.S.C. chapter 12, subchapters II and III, i.e., an OSC complaint, potentially to be followed by an IRA appeal. *Id.* at 1 (quoting *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 17 (2015)). Because the appellant filed an OSC complaint on October 18, 2019, later amended that complaint to include a challenge to the agency's removal decision, and subsequently filed an IRA appeal challenging her removal, the administrative judge reasoned that it appeared the appellant made a binding election to challenge her removal in that prior appeal, precluding her from filing the instant Board appeal also challenging her removal. *Id.* at 2-3. In response, the appellant argued in pertinent part that, because she filed her formal EEO complaint before filing her IRA appeal, she first elected to challenge her removal through the agency's EEO process, and so the later IRA appeal should have been precluded instead of the instant Board appeal of her mixed-case complaint. IAF, Tab 11 at 7-8.

Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1, 10. The administrative judge first found that, because the appellant's first, withdrawn Board appeal challenging her removal was untimely

filed, it did not constitute an effective election of remedy under 5 U.S.C. § 7121(g)(3), and so the appellant had not elected an adverse action appeal under section 7701 to the exclusion of all other available avenues of redress, such as through the negotiated grievance procedures[2] or through corrective action with OSC.  ID at 4-5.  Next, he found that the appellant made a binding election to challenge her removal when she filed an OSC whistleblowing complaint, OSC considered her allegation that she was removed in retaliation for whistleblowing activity, and she subsequently filed an IRA appeal seeking redress with the Board.  ID at 3-7.  The administrative judge determined that this election "forever deprived the appellant of her ability to otherwise appeal her removal to the Board," including through the mixed-case complaint procedures set forth under 29 C.F.R. § 1614.302.  ID at 7.  Regarding the appellant's argument that she first sought her EEO remedy before filing her complaint with OSC, the administrative judge determined that a decision to first file an EEO complaint does not preclude a later election to challenge an action through an OSC complaint, so that decision "did not shield her from the consequences of her subsequent OSC complaint."  ID at 5-6.

---

[2] Although not directly addressed by the administrative judge, the record is unclear concerning whether the appellant is a bargaining-unit employee subject to the agency's collective bargaining agreement (CBA).  In its response to this appeal, the agency identifies that the appellant was not a bargaining-unit employee and was not covered under the CBA.  IAF, Tab 7 at 17.  However, the record is replete with references to the appellant requesting, or being offered or provided, union representation on numerous occasions, and filing previous union grievances. *See* IAF, Tab 7 at 46-50 (notes from an interview of the appellant during a fact-finding investigation indicating that she had a union representative present); 0213 IAF, Tab 6 at 73-76 (email exchange between the appellant and her supervisor attempting to schedule a meeting and agreeing that the appellant could have union representation); *see also id.* at 65, 71, 100, 104, 109, 120, 128.  Further, in a filing in the appellant's prior IRA appeal, the agency certified that the appellant was covered by the CBA.  0213 IAF, Tab 6 at 8.  On balance, it seems more likely than not that the appellant was covered under a CBA at the time of the agency's action, and there is no indication in the record that she was a supervisor or manager; accordingly, we find that she meets the definition of "employee" in  5 U.S.C. § 7103(a)(2), and the election of remedies provisions in 5 U.S.C. § 7121 apply to her. *See Requena v. Department of Homeland Security*, 2022 MSPB 39, ¶¶ 10-14.

Turning to the validity of the appellant's election, the administrative judge determined that the appellant's election to challenge her removal through the OSC complaint process was knowing and informed because the agency's removal decision letter identified her potential avenues for redress and also clearly identified the preclusive effect of her timely election of her OSC remedy. ID at 7-8. Finally, the administrative judge considered and rejected the appellant's argument that her OSC complaint and subsequent IRA appeal did not constitute a binding election because in her instant appeal she is challenging the removal action as retaliation for her prior EEO activity, and the appeal contains "nothing whatsoever regarding any OSC whistleblower complaint," so it represents a separate cause of action based on a new and distinct legal theory, determining that the Board has rejected such arguments. ID at 8; IAF, Tab 11 at 7-8.

The appellant has filed a petition for review of the initial decision, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. The appellant has also filed a reply. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

This appeal is timely filed because it is an appeal from a mixed-case complaint, and therefore the procedures set forth in 5 U.S.C. § 7702 govern.

Although not addressed in the initial decision, when an appellant files a second appeal after withdrawing her first one, the Board must address the threshold issue of the timeliness of the appeal. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 12 (2010) (explaining that if an appellant withdraws her initial appeal, then files a request to reopen the initial appeal or a second appeal with the regional office, it will be treated by the Board as a new appeal, and it must determine whether the appeal was timely filed or good cause existed for the delay); *see Pradier v. U.S. Postal Service*, 113 M.S.P.R. 495, ¶¶ 9-15 (2010).

The appellant alleged both below and on review that her appeal was timely filed as a Board appeal of a mixed-case complaint, pursuant to the procedures set forth in 5 U.S.C. § 7702. IAF, Tab 6 at 5-6; PFR File, Tab 1 at 5. We agree. In

*Wilson v. Department of Veterans Affairs*, the Board addressed the relationship between 5 U.S.C. § 7702 and 38 U.S.C. § 714, and found that if an appellant files an EEO complaint of an adverse action taken pursuant to 38 U.S.C. § 714, and then files a subsequent Board appeal, then that appeal is subject to the procedures contained within 5 U.S.C. § 7702. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 19. In reaching this conclusion, the Board reasoned that, while 38 U.S.C. § 714 was silent on the issue of mixed cases, 5 U.S.C. § 7702 expressly included procedures for handling mixed cases. *Id.*, ¶¶ 12-13. The Board explained that Congress had specifically delegated to it the authority to decide both the issue of discrimination and the otherwise appealable action and concluded that 38 U.S.C. § 714 does not repeal that authority, either explicitly or implicitly. *Id.*, ¶¶ 15-19. Thus, the Board concluded that 5 U.S.C. § 7702 was still in effect and should continue to apply to mixed-case complaints, regardless of whether the appealable action was taken pursuant to 38 U.S.C. § 714. *Id.*, ¶¶ 19, 25. The appellant filed the instant Board appeal within 30 days of receiving a FAD on her EEO complaint challenging her removal. IAF, Tab 1 at 11-18; *see* 5 C.F.R. § 1201.154(b)(1). Accordingly, we conclude that the appellant's Board appeal of her mixed-case complaint was timely filed.

We disagree with the administrative judge's finding that the instant appeal is barred by the election of remedies provision in 5 U.S.C. § 7121(g).

In reaching his determination that the appellant's election of her OSC remedy was a binding election precluding Board jurisdiction over the instant mixed-case appeal, the administrative judge noted that, pursuant to the elections of remedies provision in 5 U.S.C. § 7121(g)(3), an employee who has been subjected to an action appealable to the Board and who alleges that she has been affected by a prohibited personnel practice other than a claim of discrimination under § 2302(b)(1), may elect to pursue a remedy through one, and only one, of the following remedial processes: an appeal to the Board under 5 U.S.C. § 7701; a negotiated grievance under 5 U.S.C. § 7121(d); or, a complaint following the

procedures for seeking corrective action from OSC under 5 U.S.C. §§ 1211-1222 [which can then be followed by an IRA appeal with the Board]. ID at 6 (citing *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013); *King v. Department of the Air Force*, 116 M.S.P.R. 423, ¶ 8 (2011); 5 C.F.R. § 1209.2(d)). Because it was uncontested that the appellant amended her whistleblower complaint with OSC to challenge her removal prior to filing the instant Board appeal of her mixed-case complaint, the administrative judge reasoned, the appellant had first timely elected to challenge the removal action through her whistleblower complaint with OSC, "forever depriv[ing] the appellant of her ability to otherwise appeal her removal to the Board, including through the mixed[-]case complaint procedure set forth under 29 C.F.R. § 1614.302." ID at 6-7.

Under 5 U.S.C. § 7121(d), an employee who alleges that she was subjected to a prohibited personnel practice under 5 U.S.C.§ 2302(b)(1) must choose between filing a mixed-case Board appeal, a mixed-case EEO complaint, or a grievance under negotiated grievance procedures. *Kaszowski v. Department of the Air Force*, 2023 MSPB 15, ¶ 5 n.1. Under 5 U.S.C. § 7121(g) an employee who alleges that she was subjected to a prohibited personnel practice under 5 U.S.C. § 2302(b)(8) or (9) must choose between filing an appeal to the Board under 5 U.S.C. § 7701, a complaint seeking corrective action from OSC, or a grievance under the applicable negotiated grievance procedures. *Id.* The statute does not directly address the situation presented in this case, i.e., where the employee alleges that she was subjected to prohibited personnel practices under both 5 U.S.C. § 2302(b)(1) and 5 U.S.C. § 2302(b)(8) or (9). However, reading the statute as a whole, we find that it permits an employee to raise the 2302(b)(1) claim in a mixed-case complaint of discrimination and the 2302(b)(8) claim separately in an OSC whistleblower complaint. Specifically, the elections for (b)(1) claims are addressed in a separate subsection from the elections for (b)(8) and (b)(9) claims.

Under the plain language of 5 U.S.C. § 7121(d), the appellant's election to contest her removal through a Board appeal would have precluded her from subsequently contesting the action through a grievance or a mixed-case EEO complaint. However, the statute states that "[a]n employee shall be deemed to have exercised his option under this subsection to raise the matter under either a statutory procedure or the negotiated procedure at such time as the employee *timely* initiates an action under the applicable statutory procedure or timely files a grievance in writing." 5 U.S.C. § 7121(d) (emphasis added). Because the appellant's initial attempted election of a Board appeal right was untimely, it was not an effective election of remedy under 5 U.S.C. § 7121(d).

Under the plain language of 5 U.S.C. § 7121(g), the appellant's OSC complaint precluded her from subsequently contesting her removal through a grievance or a direct Board appeal filed under 5 U.S.C. § 7701. Nothing in that subsection, however, limited her right to contest her removal through an EEO mixed-case complaint and then a mixed-case appeal filed with the Board, pursuant to 5 C.F.R. § 1201.154(b). In other words, when, as here, an employee claims prohibited personnel practices under both 2302(b)(1) and 2302(b)(8) or (9), the statute permits her to pursue those claims separately, through the EEO process and the OSC process respectively

Accordingly, we conclude that the administrative judge erred in determining that, pursuant to the election of remedies procedures identified in 5 U.S.C. § 7121(g), the appellant's decision to challenge her removal through a whistleblower complaint with OSC followed by an IRA appeal, "forever deprived" her of the ability to challenge her removal through a subsequent Board appeal of her mixed-case complaint pursuant to the procedures identified in 5 U.S.C. § 7702(a). ID at 6-7.

<u>We find that the appellant's withdrawal of her prior Board appeal does not preclude her from pursuing this mixed-case appeal.</u>

Generally, an appellant's withdrawal of an appeal is an act of finality which removes the appeal from the Board's jurisdiction. *Lincoln*, 113 M.S.P.R. 486, ¶ 7. The withdrawal must be clear, decisive, and unequivocal. *Id.* In the absence of unusual circumstances, such as when the decision to withdraw was based on misinformation, or the appellant has submitted new and material evidence, the Board will not reinstate an appeal once it is withdrawn. *Nazario v. Department of Justice*, 108 M.S.P.R. 468, ¶ 4 (2008). Moreover, the voluntary withdrawal of one appeal generally precludes an appellant from filing a subsequent appeal based on the same cause of action. *See Lapedis v. Department of Health and Human Services*, 47 M.S.P.R. 337, 342, *aff'd*, 949 F.2d 403 (Fed. Cir. 1991) (Table).

Here, however, it is clear from the appellant's recorded withdrawal of her initial Board appeal that she was withdrawing the appeal in order to pursue an EEO complaint. 0067 IAF, Tab 8. The Board has consistently held that, when an appellant requests withdrawal of an appeal in order to file a formal EEO complaint with the agency, the appeal should be dismissed without prejudice. *See, e.g.*, *Thomas v. U.S. Postal Service*, 71 M.S.P.R. 474, 477-78 (1996); *Cavanagh v. U.S. Postal Service*, 44 M.S.P.R. 485, 487-90 (1990). Accordingly, we find that the appellant is not precluded from pursuing this mixed-case appeal by her withdrawal of her initial Board appeal.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for adjudication on the merits of the appellant's mixed-case appeal.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.