## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANK STANLEY PYRDECK, JR.,
               Appellant,

        v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBER
DE-315H-24-0154-I-1

DATE: February 20, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Frank Stanley Pyrdeck, Jr.</u>, Tucson, Arizona, pro se.

<u>Lisa Wood</u>, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Effective June 6, 2022, the agency appointed the appellant to a competitive-service position as a GS-12 Logistics Management Specialist, subject to completion of a 2-year probationary period. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 42-43. Effective January 11, 2024, the agency issued a decision terminating the appellant for unsatisfactory work performance that outlined instances of his alleged "problematic conduct" and performance deficiencies. IAF, Tab 6 at 28-33.

On January 25, 2024, the appellant filed a Board appeal challenging the manner and the merit of his termination and acknowledged on his appeal form that he was serving in a probationary period at the time of his termination. IAF, Tab 1 at 2. He also indicated that he had filed a complaint with the Office of Special Counsel (OSC) challenging his termination on January 19, 2024, and provided a copy of the complaint he provided to OSC with his initial appeal. *Id.* at 3, 13-19. The administrative judge issued an order informing the appellant that the Board may not have jurisdiction over his appeal based on his probationer status, notified him of the standards for establishing Board jurisdiction under chapter 75 and 5 C.F.R. §§ 315.805-315.806, and directed him to file evidence and argument on that issue. IAF, Tab 5. The appellant responded, arguing that he met the definition of "employee" under chapter 75 and that the Board had jurisdiction over his appeal. IAF, Tab 5 at 3-5. Specifically, he argued that although he was appointed to a 2-year probationary period at the time he was hired, pursuant to the National Defense Authorization Act for Fiscal Year 2022 (2022 NDAA), Pub. L. No. 117-81, 135 Stat. 1541, the Department of Defense (DOD) had rescinded and replaced the 2-year probationary period with a 1-year probationary period, effective December 31, 2022, and he had completed more

than 1 year of service as of his January 11, 2024 separation. *Id.* at 3-4, 7-16. Alternatively, he argued that even if a 2-year probationary period applied to his appointment, the DOD provision setting forth a 2-year probationary period was incompatible with 5 C.F.R. §§ 315.801, 315.802(a), which stated that the probationary period was limited to 1 year and could not be extended. *Id.* at 4. Consequently, he argued that he was an "employee" with Board appeal rights at the time of his termination and the Board had jurisdiction over his appeal. *Id.* at 4-5.

Without holding the appellant's requested hearing, IAF, Tab 1 at 1, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 7, Initial Decision (ID) at 1, 8. First addressing the appellant's OSC complaint, the administrative judge noted that the appellant filed an OSC complaint challenging his termination prior to filing his Board appeal, and so it appeared that he had elected to challenge his termination through the procedures for seeking corrective action from OSC under 5 U.S.C. §§ 1211-1222, which would ordinarily preclude him from pursuing a later Board appeal under chapter 75. ID at 2 n.3. He nevertheless determined that because the agency's termination letter failed to apprise the appellant of the preclusive effect of his decision to challenge his termination with OSC, his election was not a "valid, informed election" under 5 U.S.C. § 7121, and so he was not precluded from filing a subsequent Board appeal challenging the agency's action. *Id.* (citing *Kaszowski v. Department of the Air Force*, 2023 MSPB 15, ¶ 5; *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013)). Turning to the appellant's claims on appeal, the administrative judge concluded that the appellant had failed to nonfrivolously allege that he met the definition of an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(A)(i) or (ii). ID at 4-7. He further concluded that the appellant had failed to nonfrivolously allege that he had a regulatory right of appeal under 5 C.F.R.

§§ 315.805-315.806. ID at 7-8. Consequently, he dismissed the appeal for lack of jurisdiction. ID at 8.

The appellant has timely filed a petition for review in which he reargues that DOD's interpretation of 5 U.S.C. § 1599e conflicts with 5 C.F.R. §§ 315.801, 315.802(a) and provides copies of emails he sent to DOD requesting additional guidance regarding their interpretation of this provision. Petition for Review (PFR) File, Tab 1 at 4, 6-10. The appellant also notes that on March 25, 2024, after the initial decision was issued, OSC terminated its investigation into his complaint and provided him with notice of his Board appeal rights, and he provides a copy of OSC's close-out letter. *Id.* at 4-5, 11. The agency has filed a response, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly concluded that the Board lacks jurisdiction under chapter 75 and OPM regulations over the appellant's probationary termination.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation; the Board does not have jurisdiction over all matters alleged to be unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995); *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must show, among other things, that he satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). An individual in the competitive service can establish that he is an employee with Board appeal rights if he is not serving a probationary or trial period under an initial appointment or has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *Id.*; *see* 5 U.S.C. § 7511(a)(1)(A)(i), (ii).

However, as the administrative judge correctly noted, in 2015, Congress amended the statute that defines "employee" for the purpose of chapter 75 appeal

rights for competitive-service positions within DOD to state that such appointments were subject to a 2-year probationary period instead of 1-year and that an individual only qualified as an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(A)(ii) if he completed 2 years of current continuous service. 10 U.S.C. § 1599e(a), (b)(1)(A), (d), *repealed by 2022 NDAA*, Pub. L. No. 117-81, 135 Stat. 1541; *see National Defense Authorization Act for Fiscal Year 2016*, Pub. L. No. 114-92, § 1105, 129 Stat. 726 (Nov. 25, 2015); ID at 4. Thereafter, on December 27, 2021, Congress passed the 2022 NDAA, which repealed the 2-year probationary requirement and replaced it with a 1-year probationary period. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950; *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8; ID at 5. In doing so, however, Congress specified that the provision in the 2022 NDAA repealing and replacing the 2-year probationary period with a 1-year period did not go into effect until December 31, 2022, and only applied to individuals appointed on or after that date. *Bryant*, 2022 MSPB 1, ¶ 8; *see* Pub. L. No. 117-81, § 1106(a)(2); ID at 4-6. Consequently, the administrative judge correctly concluded that the appellant's appointment, which was effective June 6, 2022, remained subject to the 2-year probationary period requirement. *Bryant*, 2022 MSPB 1, ¶¶ 8-9; ID at 6. Because the appellant was appointed the position effective June 6, 2022, and was terminated effective January 11, 2024, prior to completion of the 2-year probationary period, we agree with the administrative judge that the appellant failed to meet the first prong of the definition of "employee" set forth in 5 U.S.C. § 7511(a)(1)(A)(ii). ID at 5-6.

Alternatively, a DOD employee who has not served his full 2-year appointment can show that he has completed the probationary period by "tacking" on prior Federal service if (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston v. Department of*

*the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); 5 C.F.R. § 315.802(b). An individual can also show that, while he may be a probationer, he is an "employee" with chapter 75 appeals rights because, immediately preceding the adverse action at issue, he had completed at least 2 years of current continuous service without a break in Federal civilian employment of a workday. *Hurston*, 113 M.S.P.R. 34, ¶ 9. As the administrative correctly concluded, because the appellant had not alleged that he had any prior Federal service, he also failed to meet the second prong of the definition of "employee" set forth in section 7511(a)(1)(A)(ii). ID at 6-7.

Finally, an individual in the competitive service who does not have a statutory right of appeal may nevertheless have a regulatory right to appeal under 5 C.F.R. § 315.806 if he alleges that his termination was based on partisan political reasons or marital status discrimination, or that his termination was based in whole or in part on conditions arising before his appointment and was not effected in accordance with certain procedural requirements under 5 C.F.R. § 315.805. *Walker*, 119 M.S.P.R. 391, ¶ 5. On review, the appellant has not challenged the administrative judge's finding that he did not allege that his termination was based on conditions arising before his appointment, that it was because of his marital status, or that it was based on partisan political reasons, which would give rise to a regulatory right of appeal under 5 C.F.R. §§ 315.805-315.806. For the foregoing reason, we find no reason to disturb the administrative judge's finding that the appellant failed to meet his burden of proving that the Board has jurisdiction over his appeal challenging his termination.

<u>We nevertheless remand the appeal for further proceedings because the appellant did not receive explicit notice of what is required to establish Board jurisdiction based on his allegations.</u>

Despite the above finding, we conclude that the appeal must be remanded for further proceedings under 5 U.S.C. § 7701 because it appears that the appellant may be attempting to raise an individual right of action (IRA) appeal

under the Whistleblower Protection Enhancement Act of 2012. As previously noted, in his initial appeal, the appellant provided evidence that he had filed an OSC complaint challenging his termination prior to filing his Board appeal. IAF, Tab 1 at 3. The administrative judge acknowledged that the appellant had provided a copy of his OSC complaint with his initial appeal, but determined that because the agency had failed to inform the appellant that his decision to seek corrective action from OSC could preclude a later challenge of his termination in a Board appeal under chapter 75, his election to file with OSC was not "knowing and informed" and thus did not preclude him from filing a subsequent IRA appeal. ID at 2 n.3 (citing *Kaszowski*, 2023 MSPB 15, ¶ 5; *Agoranos*, 119 M.S.P.R. 498, ¶ 14).

An appellant must receive explicit information on what is required to establish Board jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Burwell v. Department of the Army*, 78 M.S.P.R. 645, ¶¶ 8-9 (1998) (remanding an appeal due to the administrative judge's failure to advise the appellant what was required to establish Board jurisdiction over an IRA appeal). The administrative judge's jurisdictional order informed the appellant of his burden of establishing jurisdiction over his appeal as a challenge to his probationary termination but did not apprise the appellant of his burden of proving Board jurisdiction over his appeal as an IRA appeal. IAF, Tab 4. The agency's response to the administrative judge's jurisdictional order identified that the order had not provided jurisdictional notice for an IRA appeal, provided some information regarding the appellant's burden, and requested that a second jurisdictional order outlining the appellant's IRA jurisdictional burdens be issued. IAF, Tab 6 at 15-18; *see Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings or the initial decision contain the notice that was otherwise lacking). Nevertheless, the administrative judge did not issue a supplemental IRA jurisdictional order, and

although the initial decision identified the appellant's filing of an OSC complaint and apparent attempt to pursue an IRA appeal, it too did not identify the appellant's burden of establishing Boad jurisdiction over his appeal as an IRA. ID at 1-8.

The appellant needs to be advised that to establish Board jurisdiction over an IRA appeal he must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following: (1) he engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023); 5 U.S.C. §§ 1214(a) (3), 1221(a), (e)(1). Because the appellant was not so informed, it is necessary to remand this appeal to the field office to provide him with an adequate opportunity to establish jurisdiction.[2] *Burwell*, 78 M.S.P.R. 645, ¶ 9.

─────────────────

[2] As previously noted, in his initial appeal, the appellant identified that he had filed a complaint with OSC prior to filing his Board appeal and provided a copy of his complaint. IAF, Tab 1 at 3, 11-19. With his petition for review, the appellant has included a copy of a March 25, 2024 close-out letter from OSC providing him with Board appeal rights. PFR File, Tab 1 at 11. The March 25, 2024 OSC close-out letter postdates the close of the record and therefore meets the Board's definition of new evidence. PFR File, Tab 1 at 11; ID at 1; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). The close-out letter is also material because it bears on the issue of the Board's jurisdiction over the appeal as an IRA. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015) (acknowledging that the issue of jurisdiction is always before the Board and may be raised at any time), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016). Accordingly, we have considered it. On remand, the administrative judge should consider whether the appellant has established that he has exhausted his administrative remedies with OSC based on the March 25, 2024 close-out letter in addition to considering whether he has established the remaining jurisdictional elements of an IRA appeal. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 18 (2013) (instructing the administrative judge on remand to consider the remaining jurisdictional elements in an IRA appeal after determining that the appellant had proven OSC exhaustion), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39,

**ORDER**

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.

---

¶ 14; *see Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 9 (2010) (noting that the Board's ordinary practice is to adjudicate an IRA appeal that was premature when it was filed but becomes ripe while pending with the Board); *Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 516, ¶ 7 (2009) (same).